FONG LING, Appellant, *v.* ANNIE NATHANS, Respondent.

Second Department, December 8, 1922.

Landlord and tenant — action to recover for breach of covenant of quiet enjoyment — building in Brooklyn occupied by tenants as dwelling leased to plaintiff for business — lease made after Rent Laws enacted — landlord notified tenants to vacate — tenants refused to vacate and issuance of warrant for summary proceedings stayed for six months — landlord not liable for damages but tenant may recover advance rent paid.

In an action to recover damages for breach of a covenant of quiet enjoyment in a lease and to recover rent paid in advance it appeared that the lease was executed after the Rent Laws were enacted; that the building was occupied by tenants for dwelling purposes at the time the lease was executed; that the building was leased to plaintiff for business purposes; that the tenants in possession refused to vacate the premises at the end of their terms so that the plaintiff could enter at the time specified in the lease, and that in summary proceedings to dispossess the tenants the issuance of the warrant was stayed for six months.

*Held*, that the tenants were not continued in possession by any grant of the landlord's title but occupied despite the landlord's demands to vacate and remained in possession perforce of the statute alone and, therefore, the defendant is not liable for damages for breach of the covenant of quiet enjoyment.

But the defendant must return the money paid by the plaintiff as rent in advance.

APPEAL by the plaintiff, Fong Ling, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 2d day of February, 1922, upon the dismissal of the complaint by direction of the court at the close of the case after a trial before the court and a jury.

The plaintiff claimed damages for an alleged breach of a covenant for quiet enjoyment contained in a written lease executed by the defendant as landlord to the plaintiff as tenant. The written lease was dated May 3, 1920, was for a term of five years to commence on the 1st day of September, 1920, at the term rent of $9,000. The plaintiff was to occupy the premises as a " Chop Suey, or Chinese Restaurant, and for Dwelling purposes."

At the time of the making of the lease, May 3, 1920, the demised premises were occupied by monthly tenants for dwelling purposes. The defendant as landlord gave thirty days' notice to quit to the monthly tenants. (See Laws of 1920, chap. 209, amdg. Laws of 1882, chap. 303, as amd.) The tenants refused to move, whereupon the defendant as landlord instituted summary proceedings by filing a petition and causing the issuance of a precept to dispossess. A final order awarding possession to the landlord was granted, but under the law then existing a Municipal Court justice stayed the execution of a warrant to dispossess the monthly tenants until March 31, 1921. Concededly the defendant did not put the plaintiff in possession under the lease on September 1, 1920. The plaintiff paid in advance the sum of $300 under the lease.

*Nicholas Dietz* [*Joseph H. Wackerman* with him on the brief], for the appellant.

*George Wolf,* for the respondent.

KELBY, J.:

It has long been a rule of law in this State that the usual covenants of title and quiet enjoyment in a lease mean that the landlord must have such a title as to enable him to give a free, unincumbered lease for the term demised. There is no warranty express or implied against the act of strangers; hence if a lessee be ousted by one who has no title, the law leaves the lessee to his remedy against the wrongdoer. But if a lessee is prevented from entering into possession by a person already in, under a paramount title, the lessee may sue the landlord; or if the landlord by his own act keeps out the tenant, the latter may sue the landlord. If the party holding is a wrongdoer or a stranger, the lessee has a remedy against him by action in ejectment. It is not the duty of the landlord to take the necessary steps to put the lessee in possession when the premises are held by a stranger who refuses to vacate.

(*Gardner* v. *Keteltas*, 3 Hill, 330; *United Merchants' Realty & Imp. Co.* v. *Roth*, 193 N. Y. 576.)

If the demised premises, therefore, had been held by the monthly tenants solely for business purposes, it would be clear under the authorities that the plaintiff could not maintain this action against the defendant.

But the monthly tenants were in possession for *dwelling* purposes, and at the time of the making of the lease the first group of the new Rent Laws (Laws of 1920, chaps. 134, 135, 136, 137, 139) were in force and had been in force since April 1, 1920. Under section 3 of chapter 137 of the Laws of 1920 the Municipal Court justice before whom the summary proceeding was tried stayed the issuance of the warrant to dispossess to March 31, 1921. Section 2 of chapter 137 provides:

" § 2. Effect of petition. The presentation of a petition in such a proceeding [a hold-over proceeding] to a court, judge or justice having by law jurisdiction thereof shall be an election by the landlord to terminate the tenancy which might otherwise arise by operation of law."

After the filing of the petition and upon the granting of the final order, the monthly tenants were strangers to the landlord's title. The said tenants were not continued in possession by any grant of the landlord's title, but occupied despite the landlord's demands to vacate. They remained in possession perforce of the statute alone.

Both parties were chargeable with notice of the law. The law made performance impossible by allowing a discretionary stay of the warrant to dispossess.

The defendant cannot in good conscience keep the $300 paid by the plaintiff as rent in advance.

The judgment should be reversed on the law, with costs, and judgment awarded plaintiff for the sum of $300, with interest from the date of payment, with costs, pursuant to section 111 of the Civil Practice Act.

BLACKMAR, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Judgment reversed on the law, with costs, and judgment unanimously awarded to plaintiff for the sum of $300, with interest from the date of payment, with costs, pursuant to section 111 of the Civil Practice Act.